NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1264

NA'TESSA HUGGINS

vs.

KENDOL HUGGINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant (husband) appeals from a judgment entered in the Probate and Family Court on September 7, 2023, ordering him to have the marital home appraised and thereafter, within forty-five days, to pay the appellee (wife) fifty percent of her share of the equity in the marital home.  The husband argues that the judge's order was unclear as to the date of appraisal and therefore he is not obligated to comply with the order.[1]  We affirm.

---

[1] The husband makes no argument on appeal that the judge was in error by finding him guilty of contempt for failing to pay the wife her fifty percent share of the value of his motor vehicle and her health insurance premiums.  Therefore, we do not address that portion of the judgment.

Background.  The parties divorced on September 5, 2018.
The judgment nisi incorporated a separation agreement, the
relevant portion of which provided that

> "at such time as the Wife vacates the marital home, the
> Husband shall have one (1) year from the Wife's vacate date
> to pay her fifty (50%) percent share of the equity in the
> home.  (Fair market value - mortgage = equity).  The
> parties agree to utilize Arthur P. Boyle Jr. to reappraise
> the property.

> "in the event the Husband does not timely pay the Wife,
> then forthwith, the marital home shall be listed with a
> licensed real estate broker, chosen by the parties and put
> on the market for sale at a reasonable listing price
> recommended by the broker."

It is undisputed that the wife moved out of the home on October
21, 2018.

On April 28, 2023, the wife filed a complaint for contempt
alleging that the husband had not complied with the portion of
the judgment nisi regarding payment for equity in the marital
home.  A hearing was held on September 5, 2023, and the judge
found that, as of the date of the hearing, the wife had still
not received her fifty percent share of the net equity in the
marital home.  However, the judge found the husband not guilty
of contempt because she found that the husband had not willfully
violated that aspect of the judgment nisi.[2]

---

[2] The husband explained that, in September 2019, he and the
wife discussed the equity issue.  He claimed that the wife told
him "not to worry about [the buy-out]" and they "shook on it."
As a result of that discussion -- combined with the fact that

2

Accordingly, on September 7, 2023, the judge entered a judgment that ordered the following:

> "a) Within twenty days of the date of this Order, the parties shall obtain a joint appraisal of the property. . . . Upon receipt of the appraisal, Husband shall have a total of forty-five days to pay Wife her 50% interest in the property.

> "b) In the event that Husband does not [comply with (a)], then the parties shall list the home with a licensed real estate broker as called for in the Separation Agreement; and the Wife shall be paid 50% of the net proceeds upon the sale."

Discussion. The sole issue on appeal is whether the judge's September 7, 2023 order was ambiguous. The husband contends that the judge's order was unclear as to the date of the appraisal; he requests that this court interpret the judge's order as enforcing a 2019 appraisal value of the marital home. "[W]here the enforcement of the underlying court order is not dependent on terms subject to judicial discretion, a mere dispute over the legal meaning of certain terms in the [order] does not render it unenforceable." Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 567 (1997), S.C., 428 Mass. 543 (1998). "[A] party's . . . characterization of a provision as 'ambiguous' does not make it so." Stabile v. Stabile, 55 Mass. App. Ct. 724, 726-727 (2002).

---

the wife did not file for contempt until 2023 -- the judge found that the husband did not willfully violate that aspect of the judgment nisi.

There is nothing unclear about the judge's September 7, 2023 order.  Indeed, there is no reference to 2018 or 2019.  However, the order explicitly calls for an appraisal "[w]ithin twenty days of the date of this Order," and then payment within forty-five days thereafter.  The judgment was entered on September 7, 2023.  Therefore, the order clearly and unambiguously required that an appraisal be conducted of the marital home in September 2023.  If the judge intended for an appraisal value as of 2019, she would have said so explicitly.[3]  As we have determined that the order was unambiguous and clear, it follows that the judge did not abuse her discretion in entering it.  Additionally, we conclude that there is no need for the judge to clarify the September 7, 2023 order.

Judgment affirmed.

By the Court (Vuono, Neyman &
  D'Angelo, JJ.[4]),

Clerk

Entered:  October 22, 2024.

_____

[3] The husband filed a motion for clarification of the judgment on September 21, 2023, and a motion for amendment to clarification on October 20, 2023.  The judge denied both motions.  Thus, the judge had the opportunity to clarify the order.

[4] The panelists are listed in order of seniority.

4